IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK H. BANKS, #05711-068                                     PETITIONER

VERSUS                                     CIVIL ACTION NO. 5:07-cv-220-DCB-MTP

BRUCE PEARSON                                       RESPONDENT

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal.[1] On December 4, 2007, Petitioner, an inmate incarcerated at the Federal Correctional Complex -Yazoo, Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. After consideration of the petition [1], memorandum in support [2], and response [5] filed, the Court has reached the following conclusions.

The Petitioner states that he was convicted in the United States District Court Western District of Pennsylvania. According to the Bureau of Prisons (BOP) website, the Petitioner's scheduled release date is May 23, 2013.

Petitioner states that he is challenging BOP's and the Warden's failure to consider him for placement in a halfway house before the 10% date. Specifically, Petitioner is challenging the Bureau of Prisons' interpretation of 28 C.F.R §§ 570.20 and 570.21 (2005 regulations). Petitioner argues in general that the BOP interprets these regulations to categorically limit the placement of inmates into a halfway house (also known as a Residential Re-entry Center (RRC)) to those inmates who are serving the final 10% of their term of imprisonment, not to exceed six months, regardless of the inmates individual circumstances. Petitioner further contends that this

---

[1]This Court finds that the Petitioner has filed two additional petitions for habeas relief challenging the Bureau of Prisons' interpretation of 28 C.F.R §§ 570.20 and 570.21 (2005 regulations). The other civil actions are civil action numbers 5:07cv38-DCB-MTP and 5:08cv153-DCB-MTP.

categorical approach disregards the statutory factors set forth in 18 U.S.C. § 3621(b), which the BOP is required to consider in determining inmate placement. Petitioner complains that he is being refused consideration for immediate placement in a halfway house even though the BOP has the "authority to transfer inmates to a halfway house at any time." *Pet.* [1] p. 4. As relief, Petitioner is requesting that the BOP immediately transfer him to a halfway house.

Since the filing of this petition on December 4, 2007, Congress passed the Second Chance Act of 2007, Pub. L. 110-199, Title II, § 251(a), 122 Stat. 692 (Apr. 9, 2008), which amends 18 U.S.C. § 3624(c) to increase placement in a Community Corrections Center or Residential Re-entry Center to twelve months, and requires the BOP to make placement decisions on an individual basis consistent with the criteria set forth in 18 U.S.C. § 3621(b). On October 27, 2008, this Court entered an order [4], directing the Petitioner to file a written response stating why his petition for habeas relief should not be dismissed as moot in light of the above legislation. In Petitioner's response [5], he argues that his petition is not moot and should not be dismissed because the BOP has the authority to consider him for a transfer notwithstanding his release date being scheduled for May 23, 2013. For the following reasons this Court is not persuaded by the Petitioner's argument.

Whether a case is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). This Court is obliged to raise the subject of mootness *sua sponte*. *Id*. As stated above, subsequent to Petitioner's request for habeas relief, Congress passed the Second Chance Act of 2007, Pub. L. 110-199, Title II, § 251(a), 122 Stat. 692 (Apr. 9, 2008); therefore, the challenged regulation has been superseded by a new regulation and "the issue of the validity of

2

the old regulation is moot, for this case has 'lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law.'" *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982) *(per curiam)*(quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969) (*per curiam*)). *See also Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir.1988)(dispute resolved because of changed circumstances considered moot).

Under the allegations of the instant civil action, this Court finds that the Petitioner is challenging 28 C.F.R §§ 570.20 and 570.21 (2005 regulations), which "have been 'effectively erased' by the Second Chance Act." *John v. Berkebile*, 2008 WL 2531430, *2 (N.D. Tex. 2008) (*citing Coal. of Airline Pilots Assocs. v. FAA*, 370 F.3d 1184, 1185-91 (D.C. Cir. 2004) (dismissing as moot a case challenging certain FAA regulations where the regulations were "effectively erased" following the enactment of new federal law)). According to the facts presented by the Petitioner, he does not indicate that the BOP is still following 28 C.F.R. §§ 570.20 and 570.21 (2005 regulations) which, as mentioned above, have been "effectively erased;" therefore, this petition is rendered moot. Even if the Petitioner were to argue that there is a "reasonable expectation" that the Respondent will continue in the same manner as was done prior to the Second Chance Act, the Court of Appeals for the Fifth Circuit has held that "the mere possibility of future consequences is too speculative to give rise to a case or controversy." *Bailey* at 279. (*citing Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir. 1986); *United States ex rel. Graham v. United States Parole Comm'n*, 732 F2d. 849, 850 (11th Cir. 1984)). Because this Court can no longer grant the remedy requested by the Petitioner, the dismissal of the instant petition is warranted. Accordingly, it is

ORDERED AND ADJUDGED that the Petitioner's request in his response [5] to substitute Bruce Pearson, Warden, in place of Constance Reese as the respondent is granted and the Clerk

3

is directed to replace Respondent Warden Constance Reese with Warden Bruce Pearson.

IT IS FURTHER ORDERED AND ADJUDGED that the Petitioner's request in his response [5] that he receive a copy of *Tischendorf v. Van Buren*, No. 07-11262, 2008 WL 2796727 (5th Cir. 2008) is denied because this Court furnished the Petitioner a copy of this case by attaching same to the Memorandum Opinion and Order entered in civil action number 5:07cv38DCB-MTP.

IT IS FURTHER ORDERED AND ADJUDGED, based on the foregoing reasons, Petitioner's request for habeas relief is moot. Therefore, this case will be dismissed with prejudice. A Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

This the  7th  day of  July , 2009.

                                 s/David Bramlette
                                 UNITED STATES DISTRICT JUDGE